UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAUL T. COMPTON,
The People,

                    Plaintiff,


          -v-                          5:20-CV-1051

SHERENE PAVONE, SAL
PAVONE, MICHAEL KERWIN,
DOUGLAS DEMARCHE, STATE
OF NEW YORK ONONDAGA
COUNTY FAMILY COURT,
DAVID PRIMO, KIT MOORE,
MICHELLE PIRRO-BAILEY,
WILLIAM ROSE, MARTHA
WALSH-HOOD, and
JOHN/JANE DOES,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                         OF COUNSEL:

PAUL T. COMPTON
Plaintiff, Pro Se
P.O. Box 5
Baldwinsville, NY 13027

OFFICE OF ROBERT G. WELLS        ROBERT G. WELLS, ESQ.
Attorneys for Defendant
   Sherene Pavone

HON. LETITIA JAMES
Attorney General for the
   State of New York
Attorneys for Defendants Sal
   Pavone, State of New York
   Onondaga County Family Court,
   David Primo, Kit Moore,
   Michelle Pirro-Bailey, William
   Rose, and Martha Walsh-Hood
The Capitol
Albany, NY 12224

HELENA O. PEDERSON, ESQ.
Ass't Attorney General

COSTELLO, COONEY &
   FEARON, PLLC
Attorneys for Defendants Michael
   Kerwin and Douglas Demarche

PAUL G. FERRARA, ESQ.

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

On September 8, 2020, *pro se* plaintiff Paul Compton ("Compton" or "plaintiff") filed this civil rights action against defendants Sherene Pavone ("Ms. Pavone"), Sal Pavone ("Mr. Pavone"), Michael Kerwin ("Kerwin"), Douglas Demarche ("Demarche"), David Primo ("Primo"), Kit Moore ("Moore"), William Rose ("Rose"), Michelle Pirro-Bailey ("Pirro-Bailey"), Martha Walsh-Hood ("Walsh-Hood"), the Onondaga County Family County (the "Family Court"), and some John and Jane Does.

Compton's complaint alleges that the named defendants are liable under various federal statutes, including the Racketeer Influenced and Corrupt Organizations Act ("RICO"), for, *inter alia*, abusing the law or legal process with the intent to harm his children.  Plaintiff's complaint seeks damages in excess of 10 million dollars.  Dkt. No. 1.  Demarche, Kerwin, and Ms. Pavone have answered Compton's complaint.  Dkt. Nos. 6, 14, 47.

On December 1, 2020, the Family Court, Mr. Pavone, Primo, Moore, Rose, Hon. Pirro-Bailey, and Hon. Walsh-Hood (the "State defendants") moved under Rules 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6) to dismiss Compton's complaint insofar as it asserted claims against them.  Dkt. No. 48.  In opposition, plaintiff moved for default judgment, sought to dismiss defendants' "illegitimate motion to dismiss," and cross-moved to amend his complaint.  Dkt. No. 50.  Thereafter, plaintiff also moved for a restraining order or an injunction against the named defendants.  Dkt. Nos. 56–57. These motions have been fully briefed and will be considered on the basis of the submissions without oral argument.

## II. <u>BACKGROUND</u>

Compton's complaint identifies a number of different federal statutes, including RICO and various provisions of law that prohibit human trafficking.  *E.g.*, 18 U.S.C. § 1589.  However, beyond alleging that the named defendants harbor an "intent to harm the children of the Plaintiff," the

complaint does not include any supporting factual allegations that describe
how one or more of the named defendants are engaged in the unlawful
activity alleged. *See generally* Dkt. No. 1.

In a supplemental submission, Compton explains that defendants are
"criminally and publically corrupt." Dkt. No. 50 at 6.[1] Plaintiff has also
included photographs and screenshots of social media posts. *Id*. at 11–12.
Plaintiff contends these screenshots are evidence that defendants "knowingly
endangered minor children." *Id*. at 12.

In what appears to be a proposed amended complaint, Compton re-alleges
that defendants are liable under RICO and other federal statutes. Dkt. No.
50 at 16–21. Plaintiff re-alleges that defendants intend to "harm" his
children. *Id*. at 16. Plaintiff has also included a color-coded table in which he
identifies how each named defendant violated one or more state laws. *Id*. at
18. Plaintiff has attached as an exhibit his correspondence with the New
York Attorney General's Office and with the New York State Court
System. *Id*. at 23–27. Plaintiff has also attached as an exhibit his affidavits
of service on the named defendants. *Id*. at 28–35.

Compton's motion for a restraining order and/or a preliminary injunction
against the named defendants includes broadly similar information. Dkt.

---

[1] Pagination corresponds to CM/ECF.

Nos. 56–57. For instance, plaintiff has taken screenshots of certain social media posts by Demarche and characterized him as a "flight risk." Dkt. No. 56 at 2–3. Plaintiff alleges that Mr. and Mrs. Pavone mailed him a letter in an attempt to "coerce and threaten" him. *Id*. at 7. Plaintiff alleges the named defendants "are in negligence for their denial of the serious drug child abuse problem." *Id*. at 10. Plaintiff alleges that his minor son was "severely physically assaulted at the home of his mother." *Id*. at 11. Plaintiff alleges that Kerwin "attempted to obstruct the criminal prosecution" of an offender. *Id*. at 40. In plaintiff's view, "cost-effective Federal Justice" is unlikely unless the Court orders the "arrests and incarcerations" of the named defendants. *Id*. at 16.

In his second amended motion for a restraining order and/or a preliminary injunction, Compton re-asserts that Demarche is a flight risk. Dkt. No. 57. Plaintiff again includes screenshots of various social media posts. *See, e.g.*, *id*. at 3–4. Generally speaking, however, plaintiff's amended motion is broadly similar to his original filing. *Compare* Dkt. No. 56 *with* Dkt. No. 57.

In another supplemental submission, Compton re-alleges that the named defendants are responsible for child abuse. Dkt. No. 63. Plaintiff also alleges that a New York State government website is being "criminally abused" and should be investigated by federal law enforcement agencies. *Id*. at 5. Plaintiff alleges defendants "have been grafting and embezzling" for the

purpose of "amassing wealth" at the "expense of the broader populace." *Id*. at 9. Plaintiff has attached exhibits in support of these claims. *Id*. at 13–68.

In a letter to the Court, Compton indicates that the State defendants' papers are "undergoing careful review" because their answers "reveal even more alarming State of New York penal code and Federal crimes than initially gleaned." Dkt. No. 65. According to plaintiff, he needs "as much relative time as appropriate in submitting my response." *Id*. Even so, plaintiff says, he "can assure the Federal Court that it will be submitted as soon as it is mature." *Id*.

## III.  DISCUSSION

As an initial matter, Compton has recently requested leave to amend certain of his supporting papers to correct some typographical errors. Dkt. No. 64. That request will be granted. Plaintiff's amended papers will be considered as part of his supporting submissions.

### A.  Pro Se Status

Because Compton is proceeding *pro se*, his complaint, "however inartfully pleaded, must be held to less stringent standards than a formal pleading drafted by lawyers." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (cleaned up). As the Second Circuit has repeatedly instructed, a complaint filed *pro se* "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*,

738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)).  "This is particularly so when the *pro se* plaintiff alleges that h[is] civil rights have been violated."  *Ahlers*, 684 F.3d at 60 (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008)).

As mentioned *supra*, Compton has filed a number of additional submissions in support of his claims or in an effort to cross-move for certain forms of relief.  Dkt. Nos. 50, 56, 57, 63.  Those additional submissions will also be examined in a further effort to determine the nature and sufficiency of plaintiff's claims for relief.  *See, e.g.*, *Boguslavsky v. Kaplan*, 159 F.3d 715, 719 (2d Cir. 1998) ("[C]ourts may look to submissions beyond the complaint to determine what claims are presented by an uncounseled party.").

## B. <u>Rule 8</u>

Even so, Compton's complaint must be dismissed.  Rule 8 of the Federal Rules of Civil Procedure requires a pleading to present a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage."  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (cleaned up).  "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair

notice of the claim asserted so as to enable him to answer and prepare for trial." *Id.*

As the Second Circuit has explained, "fair notice" is "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) (cleaned up). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Federal pleading rules are "not meant to impose a great burden upon a plaintiff." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 348 (2005). However, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . or to dismiss the complaint." *Salahuddin*, 861 F.2d at 42.

"A complaint fails to comply with Rule 8(a)(2) if it is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Strunk v. U.S. House of Representatives*, 68 F. Appx 233, 235 (2d Cir. 2003) (summary order); *see also Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y. 1972) ("Complaints which ramble, which needlessly speculate,

accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system; such complaints must be dismissed.").

"Finally, regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to *sua sponte* dismiss a frivolous case." *Bayne v. Health Ins. Portability & Accountability Act*, 2012 WL 119617, at *4 (E.D.N.Y. Jan. 17, 2012) (collecting cases); *see also LaSpisa v. CitiFinancial Co.*, 2020 WL 2079410, at *3 (N.D.N.Y. Apr. 30, 2020) (Suddaby, J.) ("[W]here (as here) that *pro se* plaintiff is neither a prisoner nor proceeding *in forma pauperis*, a district court may always *sua sponte* dismiss a *pro se* plaintiff's complaint based on frivolousness."). In short, "[a] plaintiff asserting fantastic or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense." *Tyler v.* Carter, 151 F.R.D. 537, 540 (S.D.N.Y. 1993), *aff'd*, 41 F.3d 1500 (2d Cir. 1994).

Upon review, Compton's complaint does not present any actionable claims and must be dismissed as frivolous. "A district court has the inherent authority to dismiss an action that lacks an arguable basis either in law or in fact, regardless of whether the plaintiff has paid the filing fee." *MacKinnon v. City of N.Y./Human Res. Admin.*, 580 F. App'x 44, 45 (2d Cir. 2014) (summary order) (cleaned up).

An action lacks an arguable basis in law when it is based on "an indisputably meritless legal theory" or "a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (cleaned up). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Compton's complaint is legally and factually frivolous. For example, plaintiff alleges that:

> 1. This action arises from the 'pattern' of conspiracy, fraud, or other pervasive non-statutory or criminal activities, deriving from racketeering-influence criminal organization (18 USC 96), of SHERENE PAVONE and SAL PAVONE, within / in association with, the State of New York County of Onondaga Family Court. With the intent to harm the children of the Plaintiff or Plaintiff, the Defendants have abused process, violated Rights guaranteed by the UNITED STATES, and committed crimes to attempt to sustain their racketeering, or detract from their liabilities or crimes.

> Among other things, the Plaintiff seeks damages in excess of 10 million dollars, including punitive damages, for the Defendants massive, outrageous, local criminal public corruption and fraud. By virtue of the Defendant's illegal conduct, or its effects on the children of the Plaintiff or Plaintiff, the Plaintiff / The People also charge the Defendants as a threat to Public Health / Institutions / services guaranteed by the UNITED STATES. Hence, the assets / properties of the Defendants, private / public, are subject to

> imminent domain and seizure for trial security / damages, by the UNITED STATES Court.

Compl. ¶ 1 (emphases and errors in original).  To the extent any factual allegations are even discernible from this pleading, they are "wholly incredible, irrational, and/or appear to be the product of delusion or fantasy." *Curmen v. U.S. Gov't*, 2018 WL 2324060, at *3 (E.D.N.Y. May 22, 2018).

To be clear, the Court did not reach this conclusion lightly.  As described *supra*, Compton's various supporting submissions have also been examined in an effort to determine whether there might be any discernable factual allegations from which a fair inference of possible liability could be drawn against one or more of the named defendants.

However, these submissions fail to add any meaningful <u>factual</u> detail to Compton's allegations of wrongdoing.  Instead, plaintiff's voluminous submissions all continue in the same theme as his pleading: bombastic accusations of serious misconduct <u>without any indication of what is actually going on</u>.  *See* Dkt. Nos. 50, 56, 57, 63.

Courts routinely dismiss this kind of *pro se* complaint.  *Gallop v. Cheney*, 2010 WL 909203, at *5 (S.D.N.Y. Mar. 15, 2010) ("Courts have not hesitated to dismiss complaints asserting delusional claims of conspiracy."), *aff'd*, 642 F.3d 364 (2d Cir. 2011); *cf. Ceparano v. Suffolk Cty.*, 2010 WL 5437212, at *3

(E.D.N.Y. Dec. 15, 2010) ("[P]rolix, unintelligible, speculative complaints that are argumentative, disjointed and needlessly ramble have routinely been dismissed in this Circuit.").

For instance, in *Harvey v. Kirk*, the trial court *sua sponte* dismissed as frivolous a *pro se* litigant's claim without leave to amend where the plaintiff alleged that government agents were surveilling and harassing him using telepathic methods.  2019 WL 5150035, at *4 (N.D.N.Y. May 9, 2019) (Report & Recommendation), *adopted by* 2019 WL 3491264 (N.D.N.Y. Aug. 1, 2019).

District courts elsewhere in this circuit have reached the same conclusion when presented with similar pleadings.  In *Raoul v. City of N.Y. Police Dep't*, the trial court dismissed as factually frivolous a fee-paid *pro se* litigant's complaint alleging a "wide-ranging conspiracy" between state and federal agencies that involved a campaign to harass, torture, and harm the plaintiff.  2015 WL 1014204, at *1–*2 (E.D.N.Y. Mar. 6, 2015).

The same is true of *Ciltas v. Wang*, 2020 WL 6146865, at *1 (E.D.N.Y. Oct. 20, 2020).  There, the *pro se* litigant alleged that certain named defendants had been trying to murder her for years, had made false statements and hidden cameras in her home and vehicle, and hacked her electronic devices.  2020 WL 6146865, at *1.  The court dismissed the claim as frivolous even though the plaintiff had paid the filing fee.

Nor will Compton be given leave to amend.  "[A]lthough district courts in this Circuit are generally reluctant to dismiss a *pro se* plaintiff's action without permitting leave to replead, the Second Circuit has explained that it is nevertheless appropriate to do so in cases where it appears that granted leave to amend is unlikely to be productive." *Forjone v. Dep't of Motor Vehicles*, 414 F. Supp. 3d 292, 303 (N.D.N.Y. 2019) (cleaned up)

That standard has clearly been met.  Compton has offered the Court a number of different submissions that purport to support his claims for relief.  The Court has reviewed these documents carefully.  None of these filings provide even a hint of a non-frivolous claim; instead, they further support the conclusion that plaintiff's claims are irrational.  Because the complaint and supporting submissions are devoid of any basis in law or <u>fact</u>, better pleading will not cure the defects.  Accordingly, leave to amend will be denied as futile.

## IV.  CONCLUSION

While the Court has no reason to doubt the sincerity of plaintiff's beliefs, the nature and substance of the allegations in the complaint and the supporting submissions "makes the continuation of this vexatious litigation an unjustified expenditure of public and private resources." *Kraemer v. City of N.Y.*, 2020 WL 1974204, at *4 (S.D.N.Y. Apr. 24, 2020) (dismissing as frivolous a fee-paid *pro se* litigant's complaint and denying leave to amend as

futile).  Although plaintiff has paid the filing fee, the Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of appeal.

Therefore, it is

ORDERED that

1.  Plaintiff's letter request is GRANTED;

2.  Plaintiff's cross-motion to amend is DENIED;

3.  Plaintiff's motion for a restraining order or a preliminary injunction is DENIED; and

4.  Plaintiff's complaint is DISMISSED as frivolous.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  March 16, 2021
        Utica, New York.